IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


JERMILLE JOHNSON                                          PLAINTIFF

VS.                          CIVIL ACTION NO. 2:05-cv-370(DCB)(JMR)

TCB CONSTRUCTION COMPANY, INC.,
and ODIS TURNER                                          DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the plaintiff's motion for reconsideration **(docket entries 37 and 38),** and on the defendants' motion to strike offensive language **(docket entry 44).** Having carefully considered the motions and responses, the memoranda of the parties, together with all supporting documents, and the applicable law, the Court finds as follows:

In this employment discrimination case, the plaintiff claims discriminatory treatment regarding wages, hostile work environment, and retaliation under Title VII, as well as intentional infliction of emotional distress under Mississippi state law. The defendants moved for summary judgment on all claims, and the motion was granted as to all claims except the retaliation claim by Order of November 6, 2006.

On November 20, 2006, the plaintiff filed his motion for reconsideration. The nomenclature of the Federal Rules of Civil Procedure does not include a "motion for reconsideration." Federal courts view motions to reconsider as either motions to alter or amend under Rule 59(e), or motions for relief under Rule 60(b). <u>Shepherd v. International Paper Co.</u>, 372 F.3d 326, 328 n.1 (5th Cir.

2004).  From the entry of judgment, a movant has ten days to bring a Rule 59(e) motion, one year to bring a motion for reasons (1), (2) and (3) of Rule 60(b), and a reasonable time to bring a motion for the other reasons under Rule 60(b).  Fed.R.Civ.P. 59(e), 60(b).  In this case, however, there has been no entry of judgment.  Rule 54(b) addresses orders which adjudicate fewer than all the plaintiff's claims and which do not terminate the action, and provides that such orders are subject to revision at any time before the entry of judgment.  Fed.R.Civ.P. 54(b).  Thus, the Court has continuing jurisdiction to alter its ruling under Rule 54(b).  In support of his motion, the plaintiff argues both the availability of new evidence not previously available, and the need to correct a clear error of law or prevent manifest injustice.

I. Unequal Pay Claim

The plaintiff claims that white machine operators were paid more than black machine operators.  To make out a prima facie case of race discrimination under Title VII, an employee must show that he was a member of a protected class, he was denied a benefit, he was qualified for the benefit, and employees outside the class received the benefit.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).  To specifically prove an unequal pay claim, the plaintiff must establish his prima facie case of discrimination by showing (1) that his employer paid different wages to black and non-black employees; (2) that the employees performed equal work on jobs requiring equal skill, effort and

responsibility; and (3) that the jobs were performed under similar working conditions.   See Simpri v. City of New York, 2003 WL 23095554, *6 (S.D. N.Y. Dec. 30, 2003).   To prove the second element, the "plaintiff must show that his position and the higher paid position were 'substantially equal' in skill, effort and responsibility, not that they were 'merely comparable.'" Id. (citation omitted).

The Court found that Johnson had not come forward with any evidence of a similarly situated white employee who was compensated at a higher rate than he.   Johnson now argues that he was not provided with a response to his request for production of documents, which he contends will "show what heavy equipment operators (both black and white) made at TCB Construction." Memorandum in Support of Motion for Reconsideration, p. 4.   Johnson also alleges that the defendant's attorney "decided instead to capitalize on his failure to produce [the requested document], which raises ethical considerations about his conduct." Id, p. 5. In response, the defendants allege that they agreed to provide the document, in exchange for an applicable protective order signed by plaintiff's counsel, and that plaintiff's counsel never provided the signed protective order.   Defendants' Memorandum in Response, p. 3.   In rebuttal, plaintiff's counsel states that she never received the e-mail from defendants' counsel requesting the protective order.   Plaintiff's Rebuttal Memorandum, p. 1. Plaintiff's counsel makes further comment that "it appears that defense counsel has little regard for the truth or veracity of

3

representations that he makes to the Court or anyone else." This last comment is the subject of the defendants' motion to strike offensive language.

The Court notes that the plaintiff did not file a motion to compel the requested discovery, nor did he seek relief under Tule 56(f) in his response to the summary judgment motion. The issue before the Court is whether the requested discovery should be produced. Although the discovery issue should have been raised sooner, the Court finds that the need to render a just decision on the basis of all the facts is the determining factor, regardless of who was at fault. See Burns v. Gadsden State Community College, 908 F.2d 1512, 1519-20 (11th Cir. 1990)(reversal of summary judgment, finding district court should have delayed decision until defendants had responded to discovery). Therefore, defendant TCB shall provide the requested document to the Court in camera upon execution of the requested protective order by the plaintiff's attorney. The parties shall have an opportunity to supplement their briefs after the document has been reviewed by the Court, redacted, if necessary, and furnished to the plaintiff.

As for the motion to strike offensive language, the Court notes that professionalism demands that counsel refrain from making disparaging comments toward the courts, other attorneys, clients or witnesses. Very rarely, however, is such conduct subject to official correction. The attorneys are expected to keep in check their own behavior to ensure that they are conducting themselves in a manner that would maintain the honor of the legal profession and

our system of justice.


II. Hostile Work Environment Claim

        The plaintiff contends that "the Court erred in concluding
that repeated use of the word 'nigger' and specifically, as it
referred to the Plaintiff combined with other disrespectful and
degrading acts, did not constitute a hostile work environment."
Motion for Reconsideration, p. 2.  In its Memorandum Opinion and
Order, the Court found:

>        The plaintiff's complaint alleges one instance of a
> degrading racial remark directed at him by Turner.
> Complaint, ¶ 7.  At his deposition, Johnson stated that
> the only other remarks directed toward him which he felt
> were discriminatory were the words "ugly" and "hermit,"
> used by Turner.  Deposition of Jermille Johnson, p. 6.
> This is neither sufficiently severe nor pervasive enough
> to constitute a hostile working environment.  Moreover,
> Johnson does not show that these remarks interfered with
> his work performance, or otherwise affected a term,
> condition or privilege of his employment.  See Boyd v.
> State Farm Insurance Co., 158 F.3d 326, 330 (5th Cir.
> 1998).   Therefore,   the  plaintiff's   hostile   work
> environment claim lacks merit.

Memorandum Opinion and Order, pp. 7-8.

        The plaintiff's response to the motion for summary judgment
simply stated that "a number of employees recount numerous examples
of Mr. Turner referring to black employees, including the plaintiff
as 'nigger.'" Plaintiff's Response, p. 2.   Exhibit 1 to the
Response is an affidavit of Terry Creel, an employee of one of
TCB's subcontractors, who states that he often heard defendant
Turner refer to black employees as "niggers."  Creel further states
that Turner referred to "a black co-worker named Kenny" as a "dumb

ass nigger." Creel Affidavit, p. 1. Exhibit 2 to the Response is an affidavit of Clifford David Pugh, Sr., who states: "One day I told Odis Turner that Jermille Johnson needed to go to the doctor. Odis Turner replied "That's just like a damn nigger." Pugh Affidavit, p. 1.

In his memorandum in support of his response, the plaintiff alleges that Turner "frequently referred to black people as 'niggers,' and specifically referred to the plaintiff as 'a damn nigger.'" Memorandum in Response, p. 2, citing Exhibits 1 and 2. Nowhere in his response does the plaintiff allege that Turner used the word "nigger" when talking to the plaintiff himself. Further, he does not demonstrate how the alleged language used by Turner when speaking to Creel and Pugh altered the conditions of the plaintiff's employment. However, the plaintiff did, at his deposition, state that Turner used to words "Just like a damn nigger" when the plaintiff asked him for a raise. Johnson Deposition, p. 6. The only other discriminatory remarks attributed to Turner were his calling the plaintiff "ugly" and "a hermit." Id.

Now, in his motion for reconsideration, the plaintiff submits the following additional evidence:  (1) The plaintiff testified that Jackie Smith told him of an incident in which Turner referred to a black woman as a "typical nigger." Johnson Deposition, pp. 41-43. (2) Derrick Johnson, a black TCB employee, filed charges with the Harrison County's Sheriff's office in April of 2004 alleging that Turner threatened him with a shovel. Id., pp. 108-

10; Turner Deposition, p. 34.  (3) Tuner required the plaintiff to go to the bathroom in the woods while white employees were allowed to use an indoor restroom.  Johnson Deposition, pp. 45-47.

Again, the Court finds that these are matters which should have been raised by Johnson in his response to the motion for summary judgment.  However, because of the need to render a just decision on the basis of all the facts, the Court shall require further briefing.  Plaintiff's counsel is reminded of her responsibility to point the Court to relevant evidence within a deposition transcript.  The Court will not sift through the plaintiff's deposition testimony in search of evidence supporting his claims.  Curl v. CompUSA, Inc., 2005 WL 1595663, *5 n.5 (S.D. Miss., July 5, 2005).

III. Retaliation Claim

The Court has entered an order against Johnson regarding the defendants' motion for summary judgment on his retaliation claim insofar as it pertains to his transfer.  The Court determined that Johnson has not submitted evidence that his transfer was punitive or could be considered a demotion, thus it was not an adverse employment action.

In his motion for reconsideration, Johnson argues that he was effectively demoted by the transfer because he had to drive an additional seventy minutes round trip  to work, and was denied his previous job responsibilities.  Motion for Reconsideration, p. 6. Again, Johnson has waited until the Court has ruled adversely to

his claims to call additional evidence to the Court's attention. However, since the evidence appears in Johnson's deposition, the Court finds that it should be allowed and that further briefing is required.

As for the retaliation claim regarding Johnson's termination, the Court previously ruled that an evidentiary hearing was necessary.  In light of the additional briefing required on other issues, the Court finds that a hearing would not be productive at this time.  The parties shall therefore be allowed to furnish additional briefing on the retaliation/termination claim as well.

IV. Intentional Infliction of Emotional Distress Claim

Because the Court has granted reconsideration of the plaintiff's hostile work environment claim, summary judgment shall be withdrawn as to the plaintiff's intentional infliction of emotional distress claim as well.

For the foregoing reasons, the Court grants the plaintiff's motion for reconsideration, and vacates its order granting partial summary judgment.

Defendant TCB shall furnish the requested discovery to the Court in camera within ten (10) days of the plaintiff furnishing the requested protective order.

The plaintiff shall have ten (10) days following his receipt of the requested document to file a supplemental responsive brief to the motion for summary judgment.

8

The defendants shall have ten (10) days following receipt of the plaintiff's brief to file a supplemental rebuttal brief.

The plaintiff shall have five (5) days to respond to any new matters raised by the defendants in their rebuttal brief, including any arguments of pretext by the plaintiff concerning legitimate nondiscriminatory/ nonretaliatory reasons advanced by defendant TCB for its actions.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for reconsideration **(docket entries 37 and 38)** is GRANTED;

FURTHER ORDERED that this Court's Memorandum Opinion and Order of November 6, 2006, is VACATED;

FURTHER ORDERED that defendant TCB shall furnish the requested discovery to the Court in camera within ten (10) days of the plaintiff furnishing the requested protective order;

FURTHER ORDERED that the parties shall file additional briefing with the Court according to the schedule outlined above;

FURTHER ORDERED that the defendants' motion to strike offensive language **(docket entry 44)** is DENIED.

SO ORDERED, this the 4th day of January, 2007.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

9